IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 19-0057-KD-MU |
| ) | |
| JEFFERSON S. DUNN, ) | |
| COMMISSIONER, ALABAMA ) | |
| DEPARTMENT OF CORRECTIONS, in ) | |
| his official capacity, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This cause is before the Court on Plaintiff's Motion to Compel Answers to his First Set of Interrogatories, which was filed on March 4, 2019. (Doc. 20). On the same day, Defendants filed their opposition to the motion and a motion for a protective order "forbidding the discovery," and Plaintiff filed a reply to Defendants' opposition. (Docs. 22 & 23). As the Court does not believe a hearing is necessary at this juncture, Plaintiff's motion is ripe for decision.

This § 1983 action challenges the State of Alabama's plan to execute Plaintiff using a three-drug lethal injection protocol and the State's refusal to allow Plaintiff to choose to be executed with nitrogen hypoxia, even though it has allowed other death row inmates to elect that method. Defendants contend that the method of execution intended to be used in Plaintiff's execution is constitutional. Chief United States District Judge Kristi K. DuBose conducted a telephonic status conference with counsel for each party on February 28, 2019, at which time dates for summary judgment briefing and oral argument were set. (Doc. 17 & 18). During that conference, Plaintiff's counsel indicated

that the only discovery he anticipated were interrogatories to the State on limited issues. On March 1, 2019, the Alabama Supreme Court issued an order setting Plaintiff's execution date for April 11, 2019. (Doc. 16).  The following day, Plaintiff's counsel delivered interrogatories to the State's counsel that request information which Plaintiff states is material to his Eighth Amendment and Equal Protection Clause claims. (Doc. 20 at p. 2). On March 4, 2019, after filing a motion for summary judgment, counsel for Defendants sent an e-mail to Plaintiff's counsel stating that "[t]he State objects to discovery at this time." (Doc. 22-1 at p. 3). Then, and now, Defendants object to responding to Plaintiff's interrogatories because they have filed a motion for summary judgment and because there has been no Rule 26(f) conference in this case. (*Id.*; Doc. 22 at pp. 1-2). Defendants seek a protective order from the Court forbidding discovery on these two grounds. (Doc. 22).

      While the Court agrees that discovery is often stayed pending a motion to dismiss or pending the entry of a scheduling order, such a stay is not mandatory and is not always appropriate. Such a stay is less appropriate when the Court is faced with a summary judgment motion because these motions, often filed after some or at the end of discovery, turn on the existence of factual disputes. While Rule 26(d)(1) does provide that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…," the rule also states that a proceeding can be exempted from that prohibition "by court order." Fed. R. Civ. P. Rule 26(d)(1). This case, where Plaintiff is facing an execution date in approximately five weeks, seems to be a textbook example of when this exemption comes into force. Obviously, time is of the essence here. For that reason, and because Plaintiff has indicated that these

interrogatories are the only discovery he intends to conduct at this juncture and that the information he seeks is necessary to respond to Defendants' motion for summary judgment and to support the motion for summary judgment that he intends to file, the Court finds that limited discovery is warranted in this case before the filing of a formal Rule 26(f) report.

Accordingly, because Defendant has made an unambiguous statement that it does not intend to respond to Plaintiff's interrogatories, the Court finds that Plaintiff's motion to compel is hereby **GRANTED**. The Court further finds that Defendants' motion for a protective order prohibiting discovery is **DENIED.** Because time is of the essence in this action, Defendants are **ORDERED** to respond to Plaintiff's interrogatories on or before **March 15, 2019.**

**DONE** and **ORDERED** this the **6th** day of **March, 2019**.

   s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**