# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CHRISTOPHER LEE PRICE, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 19-cv-57<br>) |
| v. | ) **CAPITAL CASE**<br>) |
| JEFFERSON S. DUNN, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS, in his official capacity, et al., | ) **SCHEDULED FOR EXECUTION ON APRIL 11, 2019**<br>)<br>)<br>) |
| Defendants | )<br>)<br>) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Christopher Lee Price, through undersigned counsel, wishes to alert the Court to the Supreme Court's April 1, 2019 decision in *Bucklew v. Precythe*, No. 17-8151 (slip op.), which addresses several of the issues that the parties in this matter have raised in their summary judgment papers.

First, *Bucklew* holds that whether a method of execution is "available" for Eighth Amendment purposes is a federal question that is not controlled by a State's statutory law. Slip Op., at 19-20. *Bucklew* holds that a method of execution may be an "available" one even if the State's legislature has not yet authorized it as a method of execution. *Id.*

Second, *Bucklew* holds that, unless it has a "legitimate penological reason" for doing so, a State cannot refuse to employ a method of execution that would carry a significantly reduced risk of severe pain, as compared to the method the State is proposing to use. *Id.* at 13. The Supreme Court in *Bucklew* held that the State of Missouri had a legitimate penological reason for declining to execute the inmate with nitrogen hypoxia, a method of execution that has not yet been used on

any inmate in the United States, because the Missouri legislature had not authorized nitrogen hypoxia as a method of execution. *Id.* at 22. Here, of course, the Alabama legislature *has* authorized nitrogen hypoxia as a lawful of method of execution in the State. As the justification for its refusal to execute Mr. Price with that method, the State is relying on two facts that would not satisfy *Bucklew*'s "legitimate penological justification" requirement: (i) Mr. Price did not file an "election" by June 30, 2019, and (ii) the Alabama Department of Corrections has not yet gotten around to finalizing its nitrogen hypoxia protocol. The lack of penological justification for the State's refusal is made even more plain by the fact that the State already has made agreements with nearly 50 inmates to use nitrogen hypoxia as the method of execution.[1]

Third, the Supreme Court in *Bucklew* faulted the inmate for not showing that the State could purchase nitrogen gas and for not submitting to the district court a detailed protocol about how the nitrogen hypoxia would be employed on him.[2] Mr. Price, by contrast, has submitted an affidavit showing that nitrogen can be purchased no questions asked with ordinary transactional effort. Moreover, the Alabama Department of Corrections has already been charged by the legislature to develop the nitrogen hypoxia protocol. If the Court believes Mr. Price needs to preempt the Department of Corrections and propose a methodology himself, he is happy to do so.

---

[1] If a basis for denying a method of execution would not satisfy *Bucklew*'s "legitimate penological justification" requirement, it cannot plausibly satisfy the Equal Protection Clause's rational basis requirement either.

[2] Mr. Price notes that the inmate in *Bucklew* waited until 12 days before his execution to request nitrogen hypoxia as his execution method. Mr. Price, by contrast, sent his nitrogen hypoxia "election" letter to the Warden Cynthia Hall and the Attorney General's Office before his execution date was even set.

-3-

Dated: April 1, 2019

Respectfully submitted,

ROPES & GRAY LLP

By: /s/ Aaron M. Katz
    Aaron M. Katz (admitted *pro hac vice*)
    Prudential Tower
    800 Boylston Street
    Boston, Massachusetts 02199-3600
    (617) 951-7000 (phone)
    (617) 951-7050 (fax)
    aaron.katz@ropesgray.com

    Attorney for Plaintiff,
    CHRISTOPHER LEE PRICE

-4-

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the all counsel of record.

Dated:  April 1, 2019 /s/ Aaron M. Katz

**ROPES & GRAY LLP**
Aaron M. Katz, Esq. (admitted *pro hac vice*)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel.:  (617) 951-7000
Fax:  (617) 951-7050
aaron.katz@ropesgray.com