UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CHRISTOPHER LEE PRICE,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON S. DUNN, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS, in his official capacity, et al.,<br><br>Defendants | Case No. 19-cv-57 |

**PLAINTIFF'S RENEWED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 65, and out of an abundance of caution to ensure preservation of the record on appeal, Plaintiff Christopher Lee Price respectfully renews his Emergency Motion for Preliminary Injunction.

Mr. Price believes that he has preserved the record in this case for appeal. In an abundance of caution, however, Mr. Price submits this renewed motion, which incorporates the arguments and evidence contained in his original Cross Motion for Summary Judgment, his Emergency Motion for Preliminary Injunction, and his Motion for Relief from Judgment and for Reconsideration. Because this motion does not raise any new legal or factual issues, and because Defendants have already addressed all of the points Mr. Price raised in his previously-filed motions, additional briefing on this renewed motion is not necessary. Mr. Price respectfully requests that, unless the Court grants this motion, the Court act on it by 11:00 A.M. CDT on

1

Monday, April 8, 2019, so that he may file his notice of appeal and appellate brief to the Eleventh Circuit by 1 P.M EST on Monday, April 8, 2019.

**I.      Mr. Price Meets the Standard for Granting a Stay of Execution.**

A plaintiff is entitled to a preliminary injunction if he can show (1) a substantial likelihood of success on the merits of his claims; (2) that the requested action is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the stay would inflict upon the non-moving party; and (4) that the stay would serve the public interest.  See *Brooks v. Warden*, 810 F.3d 812, 818 (11th Cir. 2016), citing *Powell v. Thomas*, 641 F.3d 1255, 1257 (11th Cir. 2011).

Where the plaintiff is a death row inmate who has brought a constitutional challenge to his execution, the plaintiff's entitlement to a preliminary injunction staying his execution "turns on whether [he can] establish a likelihood of success on the merits." *Glossip v. Gross*, 135 S. Ct. 2726, 2737 (2015). This is because the finality of death, along with the overriding interest that a citizen not be executed in a manner or with a means that offends the federal Constitution, are conclusive of the other three elements needed to justify a preliminary injunction.  See *Wainwright v. Booker*, 473 U.S. 935, 935 n.1 (1985) (Powell, J. concurring) (recognizing that death by execution constitutes irreparable injury); *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights.").

To establish a likelihood of success on the merits, an inmate is not required "to prove his case once and for all." *Hamm v. Comm'r, Ala. Dep't of Corr.*, No. 18-10473, 2018 WL 2171185, at *4 (11th Cir. Feb. 13, 2018). Rather, the district court must merely "make some findings that tilt the scales in the inmate's favor." *Id.*  Mr. Price has come forward with enough to satisfy that standard.

### A. Mr. Price Has a Substantial Likelihood of Success on the Merits of His Eighth Amendment Claim.

Mr. Price's arguments and evidentiary material contained in his Cross Motion for Summary Judgment, Emergency Motion for Preliminary Injunction, and Motion for Relief from Judgment and for Reconsideration establish the likelihood that he will ultimately prevail on his Eighth Amendment claim. He incorporates those materials and accompanying affidavits in full for purposes of this motion. Mr. Price specifically incorporates the detailed, proposed nitrogen hypoxia protocol that he has submitted in his Motion for Reconsideration, *see* Plaintiff's Motion for Relief from Judgment and For Reconsideration at 4, which demonstrates that nitrogen hypoxia is a "readily implemented" method of execution.

### B. Mr. Price Has a Substantial Likelihood of Success on the Merits of His Equal Protection Clause Claim.

Mr. Price's arguments and evidentiary material contained in his Cross Motion for Summary Judgment, Emergency Motion for Preliminary Injunction, and Motion for Relief from Judgment and for Reconsideration similarly establish the likelihood that he will ultimately prevail on his Equal Protection Clause claim. Again, he incorporates those materials and accompanying affidavits in full for purposes of this motion.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Mr. Price's motion to stay his execution.

Respectfully submitted,

ROPES & GRAY LLP

By: /s/ Aaron M. Katz

Dated: April 6, 2019
    Aaron M. Katz (admitted pro hac vice)
    Prudential Tower
    800 Boylston Street
    Boston, Massachusetts 02199-3600
    (617) 951-7000 (phone)
    (617) 951-7050 (fax)
    aaron.katz@ropesgray.com

    Attorney for Plaintiff,
    CHRISTOPHER LEE PRICE

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Lauren Ashley Simpson**
**Beth Jackson Hughes**
**Henry Mitchell Johnson**
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 31630
Attorneys for Defendants

Dated:  April 6, 2019                                   /s/ Aaron M. Katz

**ROPES & GRAY LLP**
Aaron M. Katz, Esq. (admitted pro hac vice)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel.:  (617) 951-7000
Fax:  (617) 951-7050
aaron.katz@ropesgray.com