IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER LEE PRICE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION: 1:19-00057-KD-MU |
| | ) | |
| **JEFFERSON S. DUNN,** *et al.,* | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff's Fed.R.Civ.P. 60(b)(6) "Motion for Relief from Judgment and for Reconsideration," seeking relief from the Court's April 5, 2019 Order denying his cross-motion for summary judgment and emergency motion to stay his April 11, 2019 execution (Docs. 32, 33) and Plaintiff's renewed motion for preliminary injunction (Doc. 34).

Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. Rule 60(b). Thus, Rule 60(b)(6) is the "catch-all" provision, providing for relief from judgment for "any other reason that justifies relief." However, to satisfy Rule 60(b)(6), Price "must demonstrate 'that the

1

circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is ... a matter for the district court's sound discretion.'" Grant v. Pottinger-Gibson, 2018 WL 834895, *3 (11th Cir. Feb. 13, 2018) (quoting Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (omission in original) (internal quotation marks omitted)).

Upon consideration, the motion is due to be denied. First, relative to his Eighth Amendment claim, Price argues that in the event Bucklew v. Precythe, __ S.Ct. ___, 2019 WL 1428884, *11-12 (Apr. 1, 2019) now requires a death row inmate to submit a "sufficiently detailed" execution protocol proposal in a method of execution challenge case (which he disputes, arguing Bucklew is distinguishable), he has now submitted such proposal (submitting same with his motion) at least to the level of satisfaction for a stay/preliminary injunction (substantial likelihood of success on the merits). Additionally, Price contends that Bucklew held that a state's own statutory scheme cannot control the outcome of an Eighth Amendment challenge, such that the Court's ruling -- that his failure to timely elect nitrogen hypoxia by June 30, 2018 constitutes a legitimate penological justification -- lacks merit. Although Price presents a protocol/proposal with his motion, he still fails to show that it may be readily implemented by the State and that the State does not have legitimate reason for refusing his untimely request to be executed by nitrogen hypoxia.

Second, concerning his Equal Protection claim under the Fourteenth Amendment, Price asserts that because the Court concluded that the midazolam based lethal injection protocol is likely to cause him severe pain when compared to execution by nitrogen hypoxia, a strict scrutiny review is required (versus rational basis). From this, Price argues that once the

heightened level of scrutiny is applied, Alabama's "arbitrary" thirty-day election period for nitrogen hypoxia fails the test. However, the Court did not find that the 3-drug midazolam based protocol is a cruel and unusual punishment. As such, the heightened standard of strict scrutiny does not apply to his claim.

Based on the foregoing, it is **ORDERED** that the Plaintiff's Rule 60(b)(6) motion is **DENIED**. Plaintiff's renewed motion for preliminary injunction is also **DENIED**.

**DONE** and **ORDERED** this the **6th** day of **April 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**