UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CHRISTOPHER LEE PRICE, | ) ) ) |
| Plaintiff, | ) ) Case No. 19-cv-57 |
| v. | ) ) |
| JEFFERSON S. DUNN, COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS, in his official capacity, et al., | ) ) ) ) ) ) |
| Defendants | ) ) ) |

**PLAINTIFF'S REPLY TO THE STATE'S OPPOSITION TO HIS EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION
<u>OR, IN THE ALTERNATIVE, RELIEF UNDER FED. R. CIV. P. 60(b)(6)</u>**

The State's opposition is the epitome of putting form over substance, contrary to the Supreme Court's admonition in *Standard Oil Co. v. United States*, 429 U.S. 17, 18 (1976), that it is substance, and not form, that matters in these circumstances. But even as to form, Mr. Price still has the better of the argument. Mr. Price's case remains live in the district court, as no final judgment has issued. Regardless of where the Eleventh Circuit's mandate stands, the Court has full jurisdiction to address Mr. Price's new motion for a preliminary injunction, and his motion for relief under Rule 60(b)(6), based on the new evidence that Mr. Price has lodged. The Eleventh Circuit made clear that Mr. Price's prior motion for a preliminary injunction failed only on one narrow ground—a ground that the State had never even had called into question. The notion that the Eleventh Circuit would wish to prevent this Court from considering Mr. Price's new evidence immediately, when the alternative is that Mr. Price is executed in a manner that offends the Eighth Amendment, is simply bizarre. In any event, in an abundance of caution, Mr. Price has moved the

1

Eleventh Circuit to issue the mandate immediately, so that any doubts about this Court's jurisdiction are resolved.

The people of Alabama, and the family of Mr. Price's victim, will have their opportunity to see Mr. Price's execution carried out in the reasonably near future. In the meantime, Mr. Price's constitutional right to be free from an execution that will involve severe pain and needless suffering, and Alabama citizens' inherent interest in ensuring that their government does not violate fundamental rights enshrined in the Bill of Rights and incorporated through the Fourteenth Amendment's Due Process Clause, clearly counsel in favor of a stay.

## CONCLUSION

For the foregoing reasons, and the reasons stated in his prior submission, this Court should grant Mr. Price's motion for a preliminary injunction or relief under Rule 60(b).

Respectfully submitted,

ROPES & GRAY LLP

By: /s/ Aaron M. Katz

Dated: April 11, 2019

    Aaron M. Katz (admitted pro hac vice)
    Prudential Tower
    800 Boylston Street
    Boston, Massachusetts 02199-3600
    (617) 951-7000 (phone)
    (617) 951-7050 (fax)
    aaron.katz@ropesgray.com

    Attorney for Plaintiff,
    CHRISTOPHER LEE PRICE

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Lauren Ashley Simpson**
**Beth Jackson Hughes**
**Henry Mitchell Johnson**
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 31630
Attorneys for Defendants


Dated:  April 11, 2019                        /s/ Aaron M. Katz

**ROPES & GRAY LLP**
Aaron M. Katz, Esq. (admitted pro hac vice)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Tel.:  (617) 951-7000
Fax:  (617) 951-7050
aaron.katz@ropesgray.com
kevin.daly@ropesgray.com