# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE PRICE, Plaintiff, | : : : | |
| v. | : | CIVIL ACTION 1:19-00057-KD-MU |
| JEFFERSON S. DUNN, *et al.*, Defendants. | : : : : | |

## ORDER

This matter is before the Court on "Plaintiff's Motion for Stay of Execution, Amendment of the Trial Date, or Injunction Prohibiting Administration of Rocuronium Bromide." (Doc. 64).

On April 12, 2019, the Supreme Court vacated the Eleventh Circuit's affirmance of this Court's stay of Price's execution. Dunn v. Price, 139 S.Ct. 1312, 2019 WL 1575043, *1 (Mem) (Apr. 12, 2019). On April 15, 2019, this Court held a Status Conference at which time Price was advised that any future filings must address two (2) questions: 1) whether this Court has jurisdiction to proceed given the absence of a mandate from the Eleventh Circuit; and 2) whether the Supreme Court's order vacating the stays of his execution also resolves his Section 1983 action. That same day, the State of Alabama filed an emergency motion to set an expedited second execution date for Price in the Alabama Supreme Court. (Doc. 55-1). On April 16, 2019, the Alabama Supreme Court ordered Price to show cause, by April 23, 2019, as to why his execution should not be expedited. (Doc. 55-1).

On April 18, 2019, Price filed his supplemental brief in this Court, contending the Court has jurisdiction and that the Supreme Court's ruling is limited to the injunctive request (i.e., not dispositive to his Section 1983 claim). (Docs. 56, 57). On April 18, 2019, the Eleventh Circuit issued the mandate. (Docs. 57, 58). On April 19, 2019, Defendants responded, conceding that this

Court has jurisdiction to proceed in light of the issuance of the mandate, but arguing that the Supreme Court's ruling -- though limited to the injunctive request -- is dispositive to Price's Section 1983 claim. (Doc. 60). On April 22, 2019, this Court granted Price's request for an expedited trial setting and set his Eighth Amendment claims for a June 10, 2019 non-jury trial on the merits. (Doc. 61). On April 26, 2019, the Eleventh Circuit recalled its mandate. (Doc. 62).

On April 29, 2019, Defendants notified the Court that Price's execution date was set by the Alabama Supreme Court for May 30, 2019. (Doc. 63). On April 30, 2019, Price filed the present motion. (Doc. 64).

Price's request to stay the execution and/or to reset the trial date to an earlier/expedited setting is **DENIED**. As to the stay of execution, the Supreme Court held as follows:

> The application to vacate the stay of execution…is granted, and the stays entered by the District Court for the Southern District of Alabama and the United States Court of Appeals for the Eleventh Circuit on April 11, 2019, are vacated. In June 2018, death-row inmates in Alabama whose convictions were final before June 1, 2018, had 30 days to elect to be executed via nitrogen hypoxia. Ala. Code §15-18-82.1(b)(2). Price, whose conviction became final in 1999, did not do so, even though the record indicates that all death-row inmates were provided a written election form, and 48 other death-row inmates elected nitrogen hypoxia. He then waited until February 2019 to file this action and submitted additional evidence today, a few hours before his scheduled execution time. *See Gomez v. United States Dist. Court for Northern Dist. Of Cal.,* 503 U. S. 653, 654 (1992) (per curiam) ("A court may consider the last-minute nature of an application to stay execution in deciding whether to grant equitable relief.").

Dunn v. Price, ___S.Ct.____, 587 U.S. ___, 2019 WL 1575043, *1 (Mem) (Apr. 12, 2019). The Supreme Court vacated the stay of execution due to Price's failure to timely elect for nitrogen hypoxia, making clear that a stay of execution is not an available remedy to Price.

Price also requests that in the event the Court declines to issue a stay or set an earlier trial, the parties be required "to stick to the previously set trial schedule, including discovery schedule, because of the possibility that (i) the Eleventh Circuit or United States Supreme Court will issue a contrary ruling, or (ii) the United States Supreme Court will issue a favorable ruling on Mr. Price's

2

petition for certiorari with respect to his October 2014 Eighth Amendment claim, which is being conferenced on May 9, 2019." It is **ORDERED** that the Court's previous order regarding discovery **REMAINS IN EFFECT** unless and until it becomes moot.

Price alternatively requests the entry of an injunction prohibiting the State from administering rocuronium bromide (a paralytic agent) during his May 30, 2019 execution. Price contends that the drug will paralyze his diaphragm muscles; the drug is not necessary to accomplish his execution; there is no legitimate penological justification for administering the drug; the drug has no anesthetic/pain-relieving properties; the drug will not speed up his death; and the drug will significantly and needlessly increase his pain by "superadding an unnecessary suffocation element." (Doc. 64 at 3). The State is **ORDERED** to respond to this part of the motion on or before **May 7, 2019.**

**DONE** and **ORDERED** this the **1ˢᵗ** day of **May 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**