IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE PRICE,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION 1:19-00057-KD-MU |
| | : | |
| JEFFERSON S. DUNN, *et al.*,<br>    Defendants. | : | |

**ORDER**

This matter is before the Court on Price's request for an "Injunction Prohibiting Administration of Rocuronium Bromide" (Doc. 64) and the State's Response (Doc. 66).

Price requests an injunction prohibiting the State from administering rocuronium bromide (a paralytic agent) during his scheduled May 30, 2019 execution. Price contends that the drug will paralyze his diaphragm muscles; the drug is not necessary to accomplish his execution; there is no legitimate penological justification for administering the drug; the drug has no anesthetic/pain-relieving properties; the drug will not speed up his death; and the drug will significantly and needlessly increase his pain by "superadding an unnecessary suffocation element." (Doc. 64 at 3).

The State objects to Price's request asserting that: 1) a paralytic agent (e.g., rocuronium bromide) has long been part of the three-drug injection protocol nationwide and the Supreme Court has never held that it is unconstitutional to use such an agent; 2) his arguments to exclude rocuronium bromide from the Sate's execution were already rejected by the Supreme Court in Baze v. Rees, 553 U.S. 35, 57 (2008) (regarding the lack of a legitimate penological justification) -- i.e., he is not entitled to an injunction rewriting the State's lethal injection protocol as he is unlikely to

1

prevail on the merits of his latest challenge; 3) his request has come far too late and it is a delay tactic; and 4) *res judicata* bars his challenge to rocuronium bromide because he could have raised this issue in his 2014 case (CV 14-472-KD-C (S.D. Ala.)) challenging the three (3) drug injection protocol. (Doc. 66).

The Court agrees with the State and adopts the State's reasons as the rationale of the Court. Concerning *res judicata*, as stated in Polk v. Sears, Roebuck, and Co., 2012 WL 1640708, *3 (S.D. Ala. May 8, 2012) (internal citations omitted)):

> Res judicata is a judicially crafted doctrine, created to provide finality and conserve resources."…"The doctrine facilitates the conclusive resolution of disputes by reducing the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions."…The black-letter rule is a simple one: "[A] final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."

As explained by the Eleventh Circuit in Gadsden Indus. Park LLC v. United States, 756 Fed. Appx. 945, 947 (11th Cir. 2018) (internal citations omitted):

> "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." …
>
> "[C]ases involve the same cause of action for purposes of res judicata if the present case arises out of the same nucleus of operative fact, or is based on the same factual predicate, as a former action." … "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." …. "In other words, a court must look to the factual issues to be resolved in the second cause of action, and compare them with the issues explored in the first cause of action." ….

Additionally, per the Eleventh Circuit in Dunavant v. Sirote & Permutt, P.C., 603 Fed. Appx. 737, 740 (11th Cir. 2015):

> We "apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Kizzire v. Baptist Health Sys., Inc.,* 441 F.3d 1306, 1308 (11th Cir.2006) (internal quotation marks omitted). "Under Alabama law, the essential elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent

jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1252 (11th Cir.2009) (quoting *Equity Res. Mgmt., Inc. v. Vinson*, 723 So.2d 634, 636 (Ala.1998)) (internal quotation marks omitted).

"If those elements are present, '[t]he court next determines whether the claim in the new suit was or could have been raised in the prior action[.]'" Polk, 2012 WL 1640708 at *3 (citing In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)). See also generally SE Prop. Holdings, LLC v. Center, 2018 WL 2672065, *9 (S.D. Ala. May 8, 2018) (discussing the *res judicata* doctrine); Matthews v. Ankor Energy, LLC, 2018 WL 4677918, *6 (S.D. Ala. May 2, 2018) (same).

In this instance, *res judicata* applies because the four (4) elements are present: 1) there is a final judgment on the merits in CV 14-472-KD-C (S.D.Ala., Docs. 107, 108); 2) the decision was rendered by a court of competent jurisdiction (S.D.Ala.); 3) the parties are identical or in privity in both suits;[1] and 4) the same cause of action is involved in both suits (challenge to the 3-drug injection protocol). Moreover, "[r]es judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts." Matthews, 2018 WL 4677918 at *6 (citing Old Republic Ins. Co. v. Lanier, 790 So.2d 922, 928 (Ala. 2000)). "Importantly, this bar pertains not only to claims that were raised in the prior action…but also to claims that could have been raised previously." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003). Price's rocuronium bromide claim "could have been raised previously[]" in the prior action, which also challenged the three (3) drug lethal injection protocol.

---

[1] In CV 14-472-KD-C, Price sued the ADOC, Kim Thomas (former ADOC Commissioner), Walter Myers (Holman Correctional Facility Acting Warden at the time), William G. Sharp, Jr. (ADOC Acting Commissioner) who was later substituted with ADOC Commissioner Jefferson S. Dunn, and Warden Carter Davenport. In this case, Price sued ADOC Commissioner Jefferson S. Dunn and Warden Cynthia Stewart (the Holman Correctional Facility Warden). Price is the plaintiff in both cases. ADOC Commissioners and Holman Wardens -- though the specific individuals have changed over the years) -- are the defendants in both cases.

Based on the foregoing, Price's request for an "Injunction Prohibiting Administration of Rocuronium Bromide" (Doc. 64) is **DENIED.**

**DONE** and **ORDERED** this the **2nd** day of **May 2019.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**