# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE PRICE,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION 1:19-00057-KD-MU |
| JEFFERSON S. DUNN, *et al.*,<br>    Defendants. | :<br>:<br>: |

## ORDER

This matter is before the Court on Price's motion for entry of a Rule 52(c) final judgment in his favor, or in the alternative, a stay of execution (Doc. 81-SEALED) and the Defendants' Response (Doc. 86-SEALED).

## I.    History and Jurisdiction

Price was originally scheduled to be executed on April 11, 2019. Price is currently scheduled to be executed on May 30, 2019. Before the Court is Price's fourth motion to stay his execution which was filed late on May 24, 2019.

On April 5, 2019, this Court denied Price's **first** motion for a stay of execution based on the fact he was unable to show a readily available alternative to the three-drug method of execution that the State intended to use. Price v. Dunn, 2019 WL 1509610 (S.D. Ala. Apr. 5, 2019); (Doc. 32). On April 10, 2019, the Eleventh Circuit affirmed the denial on the basis that Price had failed to provide reliable evidence that nitrogen hypoxia would significantly reduce his risk of substantial pain as compared to the three-drug method of execution. Price v. Commissioner, Dept. of Corr., 920 F.3d 1317 (11th Cir. 2019). However, the Eleventh Circuit held that nitrogen hypoxia was

readily available.  Id. at 1326-1328.

On April 11, 2019, prior to the mandate issuing on the Eleventh Circuit's decision on the **first** motion to stay, Price file a **second** motion to stay (Doc. 45) wherein he provided new evidence to support his contention that nitrogen hypoxia would significantly reduce Price's risk of substantial pain as compared to the three-drug method of execution.  (Doc. 49); Price v. Dunn, 2019 WL 1578277 (S.D. Ala. Apr. 11, 2019).  This Court believed that it had jurisdiction to consider the motion since it was a new motion with new evidence.  Id. at *2.  Finding that Price had cured the deficiency stated by the Eleventh Circuit and relying on the Eleventh Circuit's finding that nitrogen hypoxia was readily available, this Court granted the stay of execution.  Id. at *8.  The State appealed the decision arguing that this Court did not have jurisdiction to consider Price's **second** motion to stay.  Due to the time constraints and finding that substantial questions of jurisdiction existed, the Eleventh Circuit stayed the execution on April 11, 2019.  Price v. Commissioner, Ala. Dept. of Corr., 2019 WL 1591475 (11th Cir. Apr. 11, 2019); (Doc. 51).

On April 12, 2019, the Supreme Court entered an order denying Price's application for stay of execution and denying Price's first petition for writ of certiorari.  Price v. Dunn, No. 18-8766 (18A1044), ___ S.Ct. ___, 2019 WL 1572429 (Mem) (Apr. 12, 2019).  On the same date, the Supreme Court entered an order granting the State's application to vacate the stay of execution in this case.  Dunn v. Price, No. 18A1053, 139 S.Ct. 1312 (2019).  However, the execution was not carried out by the State.

On April 15, 2019, this Court held a status conference.  (Doc. 54).  The State agreed that this Court had jurisdiction to go forward on the merits of the case.  Also on this date, the State filed an emergency motion to set an expedited second execution date with the Alabama Supreme Court.

(Doc. 55-1).

On April 18, 2019, the Eleventh Circuit issued its mandate on the April 11, 2019 opinion denying Price's **first** motion for stay of execution.[1]  (Doc. 58).  On April 22, 2019, this Court granted Price's oral request for an expedited trial setting and set his Eighth Amendment claim for a non-jury trial on June 10, 2019.  In so doing, the Court held that: any request by Price that the case be expedited further, if the execution date is set before the trial setting, is denied; and that pursuant to the Supreme Court's decision, no further stays of execution would be granted.  (Doc. 61).

On April 29, 2019, the Alabama Supreme Court ordered Price's execution for May 30, 2019.  (Docs. 63; 63-1).   On April 30, 2019, Price filed a **third** motion to stay (Doc. 64) on the same basis as motions one and two, that the three-drug protocol was unconstitutional and that he should be executed by the nitrogen hypoxia method.  The Court denied the motion.  (Doc. 65, 67); Price v. Dunn, 2019 WL 1966641 (S.D. Ala. May 2, 2019).  On May 15, 2019, Price appealed to the Eleventh Circuit.  (Doc. 75).

On May 13, 2019, the Supreme Court issued an opinion denying Price's second petition for writ of certiorari.  Price v. Dunn, ___ S.Ct. ___, 2019 WL 2078104 (Mem) (May 13, 2019).  In this decision, Justice Thomas opined on the exercise of jurisdiction by the lower courts' over Price's **second** motion to stay, stating that the district court "manifestly lacked jurisdiction over

---

[1] On April 26, 2019, the Eleventh Circuit recalled the mandate.  (Doc. 62).  However, 11th Cir. R. 36–3, IOP 2 provides:

> *Effect of Mandate on Precedential Value of Opinion.* Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result. *See Martin v. Singletary,* 965 F.2d 944, 945 n. 1 (11th Cir.1992)....

the case." Price, 2019 WL 2078104 at *3. Thus, Price's **second** motion to stay is a moot issue and this Court's decision on the **second** motion to stay is a nullity.

On May 24, 2019, the Eleventh Circuit issued an opinion affirming this Court's denial of the **third** motion to stay. (Doc. 79); Price v. Commissioner, Ala. Dept. of Corr., 2019 WL 2245921 (11th Cir. May 24, 2019). The mandate on this decision has not issued. Thus, jurisdiction on this issue is still pending before the Eleventh Circuit.[2] As Justice Thomas stated:

> "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U. S. 56, 58…(1982) (*per curiam*). Thus, as the Eleventh Circuit has long recognized, "a district court generally is without jurisdiction to rule in a case that is on appeal"—even after the court has rendered a decision--"until the mandate has issued." *Zaklama v. Mt. Sinai Medical Center,* 906 F. 2d 645, 649 (1990); *see also Kusay v. United States*, 62 F. 3d 192, 194 (CA7 1995) (Easterbrook, J.) (until the Court of Appeals issues its mandate, the case remains in the Court of Appeals, and "any action by the district court is a nullity")[]….

Price, ___ S.Ct. ___, 2019 WL 2078104 at *3.

Price's **fourth** motion to stay implicates the same issue as the **first** and **third** motions, albeit with additional evidence. Thus, this Court is without jurisdiction to consider Price's **fourth** motion to stay.

However, even if this Court had jurisdiction over the **fourth** motion to stay execution, the Court would deny the motion based on the Supreme Court's decision on Price's **first** motion to stay. The Supreme Court determined that Price's claim, that his method of execution should be by nitrogen hypoxia and not the three-drug method, is untimely and therefore cannot be the basis

---

[2] The matter that is still pending in the Eleventh Circuit is whether Price's claim that he should be executed by nitrogen hypoxia, instead of the three-drug method, is untimely for purposes of a stay of the May 30 execution.

of a stay of execution.[3] And as the Eleventh Circuit stated, this is now the law of the case. So if the Court is mistaken as to its jurisdiction, the **fourth** motion to stay execution is also **DENIED** on the merits.

## II.     Judgment on the Pleadings

The Court expedited the trial of this matter and severely compressed discovery in an effort to have the merits of Price's contention addressed on June 10, 2019. Afterwards, the Alabama Supreme Court expedited Price's execution and set it for May 30, 2019. Price now requests that this Court decide his Eighth Amendment claim prior to trial and based on the submission of trial deposition, affidavits of his experts, and other exhibits which he contends establish that nitrogen hypoxia would significantly reduce his risk of substantial pain as compared to the three-drug method of execution. (Doc. 81).

Price's current motion for entry of a judgment against the State is premised on Fed.R.Civ.P Rule 52(c). Rule 52(c) provides: "…If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." In other words, a Rule 52(c) judgment would only be available to Price *after* the State had been fully heard on all the issues.

Price claims the State has already presented evidence of its "primary" witness via trial deposition and that its only other witness "will not testify in any material respect." However, such

---

[3] This is the what the undersigned meant to convey in the order stating that "[p]ursuant to the Supreme Court's decision, no further stay of execution will be granted." (Doc. 61). As the Supreme Court's opinion addressed the only issue before the court (whether nitrogen hypoxia should be substituted for the three-drug method of execution), the Court's statement was not intended to be a categorical denial of a stay of execution based on claims not before the Court.

is Price's subjective characterization. One which stands in contrast to the State's contention that it has not been fully heard and that it "has yet to present the testimony of one of its two expert witnesses." (Doc. 86 at 2).

As the State has pointed out in its response, the State has not been fully heard on this issue. Thus the Court cannot, and will not, decide the issues in this case in the manner proposed by Price.

III. <u>Conclusion</u>

Based on the foregoing, it is **ORDERED** that Price's motion for entry of final judgment in his favor, or in the alternative, a stay of execution (Doc. 81-SEALED) is **DENIED.**

**DONE** and **ORDERED** this the **26th** of **May 2019**.

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**