[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12026
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-00057-KD-MU


CHRISTOPHER LEE PRICE,

                                              Plaintiff - Appellant,

versus

COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,
WARDEN, HOLMAN CORRECTIONAL FACILITY,

                                              Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 29, 2019)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Christopher Lee Price appeals the district court's denial of his motion for entry of Rule 52(c), Fed. R. Civ. P., final judgment in his favor, or in the alternative, a stay of execution. Price seeks for this Court to enter an order staying his May 30, 2019, execution so the district court can issue a ruling on the merits of Price's Eighth Amendment method-of-execution claim. Price also implores this Court to reverse the district court's denial of his motion for final judgment pursuant to Rule 52(c) because he believes the State has been "fully heard" on the key issue in this case—whether the State's lethal-injection protocol is substantially likely to cause Price severe pain. Although Price recognizes that at least one State expert has not yet been heard from, he asserts this expert's trial testimony would add nothing to the State's evidentiary submission with respect to whether its lethal-injection protocol is substantially likely to cause Price severe pain. For this reason, Price seeks for us to instruct the district court that it may decide the Eighth Amendment claim now, based on two completed trial depositions.

The relevant procedural history of this case is set forth in our most recent decision issued on May 24, 2019. *See Price v. Comm'r, Ala. Dep't of Corr.*, No. 19-11878, 2019 WL 2245921 (11th Cir. May 24, 2019). Therefore, we do not re-hash the procedural history here, other than to note that has Price filed three prior motions for stay of execution.

2

Following the issuance of our May 24th decision, Price immediately filed with the district court a motion for entry of Rule 52(c) final judgment in his favor, or in the alternative, a stay of execution. Consequently, this appeal includes a challenge to the ruling on Price's fourth motion for stay of execution ("Fourth Motion for Stay") as well as to the ruling denying the Rule 52(c) motion.

## I.

We review the district court's denial of the Fourth Motion for Stay for abuse of discretion. *Brooks v. Warden*, 810 F.3d 812, 818 (11th Cir. 2016). Where we have jurisdiction, we also review the district court's denial of a motion for entry of Rule 52(c) final judgment, for abuse of discretion. *See In re Fisher Island Inv., Inc.*, 778 F.3d 1172, 1198 (11th Cir. 2015) (noting court's discretion in deciding whether to grant Rule 52(c) motion); s*ee also, Caro-Galvan v. Curtis Richardson, Inc.,* 993 F.2d 1500, 1503 (11th Cir. 1993) (our standard of review is dictated by the "unique characteristics" of the rule).

## II.

We address Price's Fourth Motion for Stay first. Price argues that the district court erred in denying his Fourth Motion for Stay. He acknowledges that to prevail on his Eighth Amendment method-of-execution claim, he must show by a preponderance of the evidence that the State's midazolam-based lethal-injection protocol carries a substantial risk of causing him severe pain relative to nitrogen

hypoxia. Price points to the opinions of his experts and asserts that he has a substantial likelihood of success on the merits of his Eighth Amendment claim, so this Court should enter a stay of execution to allow the district court to issue a ruling on the merits of his claim.

Below, the district court found that it was without jurisdiction to consider Price's Fourth Motion for Stay.[1] But it determined that even if it had jurisdiction over the Fourth Motion for Stay, it would deny the motion based on the Supreme Court's April 12, 2019, holding that Price's Eighth Amendment claim was untimely and could not form the basis for a stay of execution.

We do not address the issue of the district court's jurisdiction to enter a stay because of the very short timeframe available to us to and because, in any case, we agree that the Supreme Court's April 12, 2019, decision in *Dunn v. Price*, 139 S. Ct. 1312 (2019), precludes the entry of a stay of execution here. As we indicated in our May 24th opinion, the Supreme Court has already spoken on the timeliness of Price's Eighth Amendment claim. There, we concluded that the Supreme Court's findings as to the untimeliness of Price's midazolam/nitrogen-hypoxia-based method-of-execution claims were now the law of the case. *Price*, 2019 WL 2245921, at *4.

---

[1] It noted that this Court issued its opinion affirming the district court's denial of Price's third motion for stay on May 24th and the mandate on the decision has not yet issued. Accordingly, the district court concluded that "jurisdiction on this issue is still pending before the Eleventh Circuit." And because the Fourth Motion for Stay implicates the same issue as the third motion for stay, the district court concluded that it was without jurisdiction to consider the Fourth Motion for Stay.

4

Nor, as Price asserted in the district court, is the Fourth Motion for Stay "different" in any meaningful way from its predecessors such that the Supreme Court's untimeliness ruling would not apply to it. Price argues that his Fourth Motion to Stay is not governed by the Supreme Court's untimeliness ruling because the current motion is supported by "new evidence" in the form of the expert trial testimony and expert reports. But while the type of evidence presented may be different, Price's underlying Eighth Amendment claim remains the same. So even assuming the evidence is new, it does not change the nature of Price's claim.[2] Price makes the same arguments in this appeal that he did in the previous one—that he is entitled to a stay of execution to allow the district court proceedings to continue.

But as we previously explained, the "fundamental problem for Price is the Supreme Court has already found his claim to be untimely and, therefore, unworthy of a stay of execution." *Price.,* 2019 WL 2245921, at *4. We reiterate that "because that holding it is the law of *this case*, both this Court and the district court are bound by the [Supreme Court's] April 12, 2019, decision." *Id.* In short, the reasoning for denying Price a stay applies equally here as it did the last time we reviewed his application for stay. He simply has brought no new claims that he could not have known about earlier.

---

[2] Price has presented nothing that persuades us that the "new" evidence is actually new and was not available to him previously.

Because we are bound by the Supreme Court's April 12, 2019, decision, we conclude that the district court did not abuse its discretion when it denied Price's Fourth Motion for Stay. For this same reason, we deny Price's emergency motion for stay of execution.

### III.

Price also claims the district court erred when it denied his motion for entry of Rule 52(c) final judgment. Rule 52(c) provides as follows:

> **(c) Judgment on Partial Findings.** If a party has been *fully heard* on an issue *during a nonjury trial* and the court finds against the party on that issue, the court *may* enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. *The court may, however, decline to render any judgment until the close of the evidence.* A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c) (emphases added).

In denying Price's Rule 52(c) motion, the district court noted that, under the rule, "judgment would only be available to Price *after* the State had been fully heard on all the issues." And although Price claimed that the State had already presented evidence of its "primary" witness via trial deposition and that its only other witness "will not testify in any material respect," the district court disagreed. It found Price's characterization to be subjective and "[o]ne which stands in contrast to the State's contention that it has not been fully heard and that it 'has yet to present the testimony

6

of one of its two expert witnesses.'" Ultimately, the district court concluded that the State had not been fully heard on the issue. Consequently, the district court announced that it "cannot, and will not, decide the issues in this case in the manner proposed by Price."

Price asks us to reverse the district court's determination that the State had not yet been "fully heard" on the critical issue for trial and instruct the district court that it may issue a judgment on the merits under Rule 52(c), Fed. R. Civ. P., based on the trial depositions of his expert Dr. Joel B. Zivot and the State's expert Dr. Daniel Buffington. According to Price, this Court has pendant jurisdiction to review the district court's denial of Price's motion for final judgment. The State, on the other hand, asserts this Court lacks jurisdiction to consider the interlocutory appeal. We agree with the State and find that we lack jurisdiction to review the district court's decision with respect to Price's Rule 52(c) motion.

This Court generally lacks jurisdiction over the denial of the judgment under Rule 52(c) because that decision is neither final in the ordinary sense nor appealable as the denial of injunctive relief. *See* 28 U.S.C. §§ 1291, 1292. And although Price claims we have pendant jurisdiction to review the order, we disagree.

We may exercise pendent appellate jurisdiction over a non-appealable issue that "is 'inextricably intertwined' with or 'necessary to ensure meaningful review' of the appealable issue." *Black v. Wigington*, 811 F.3d 1259, 1270-71 (11th Cir.

7

2016) (citations omitted); *see also Paez v. Mulvey*, 915 F.3d 1276, 1291 (11th Cir. 2019) (noting pendant jurisdiction over issues that are "inextricably intertwined" or "inextricably interwoven" with the issue on appeal). An issue is not "inextricably intertwined" with the question presented on appeal when "the appealable issue can be resolved without reaching the merits of the nonappealable issues." *Id.* (quoting *In re MDL-1824 Tri-State Water Rights Litig.*, 644 F.3d 1160, 1179 (11th Cir. 2011) (per curiam)).

And even when we have pendant jurisdiction, we have discretion to decline to review issues over which we have pendant jurisdiction. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1335 (11th Cir. 1999). Pendant appellate jurisdiction is "limited and rarely used." *Paez*, 915 F.3d at 1291; *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1379 (11th Cir. 2009) (per curiam) ("[T]he Supreme Court has signaled that pendent appellate jurisdiction should be present only under rare circumstances.").

Here, we lack pendant appellate jurisdiction to review the district court's order on the Rule 52(c) motion because the issue presented in that order is not "inextricably intertwined" with or "necessary to ensure meaningful review" of the denial of the Fourth Motion for Stay. In other words, the Rule 52(c) order is not necessary to review of the denial of the Fourth Motion for Stay. Indeed, as the parties know, we have previously reviewed denials of Price's prior motions for stay

8

without also reviewing a decision on a Rule 52(c) motion. We also find nothing about the decision with respect to the Rule 52(c) motion necessary to review the denial of the Fourth Motion for Stay—especially where here, the denial of the stay was required under the Supreme Court's prior finding that Price's claims were untimely. Put simply, the district court's decision with respect to the Rule 52(c) motion—that the State had not yet been fully heard—is completely different than the basis for the denial of the Fourth Motion for Stay. Because the two are independent of each other, we lack pendant appellate jurisdiction.

But even if we had jurisdiction, we would affirm the district court's denial of the Rule 52(c) motion. The district court based its denial on its determination that the State had not yet been "fully heard." Rule 52(c)'s language makes clear that the district court enjoys discretion to decline to render judgment until the close of the evidence. *See* Rule 52(c), Fed. R. Civ. P. The Advisory Committee Notes to the rule's 1991 Amendment also highlight the discretionary nature of the rule, noting that the district court "retains discretion to enter no judgment prior to the close of the evidence." *See* Advisory Committee Note to the 1991 amendments to Rule 52. And the same Advisory Committee Notes also note that "[a] judgment on partial findings is made after the court has heard all the evidence bearing on the crucial issue of fact, and the finding is reversible only if the appellate court finds it to be

9

clearly erroneous." *See* Advisory Committee Note to the 1991 amendments to Rule 52 (internal quotation marks omitted).

We cannot say that the district court abused its discretion when it denied Price's Rule 52(c) motion. After all, the district court did not unreasonably rule that the State had not been "fully heard" on the critical issue before the district court, since one of the State's experts, Curt E. Harper, Ph.D., had yet to testify. Although Price contends Dr. Harper is unnecessary to the issue before the district court—whether the State's midazolam-based lethal-injection protocol carries a substantial risk of causing him severe pain relative to nitrogen hypoxia—we do not find the district court abused its discretion in reaching the opposite conclusion. In its Response Brief, the State claims Dr. Harper will testify during trial about the pharmacokinetic properties of midazolam as well as his opinion that when midazolam is administered in the dose used in the relevant protocol, executed inmates have blood concentrations high enough to induce anesthesia.

Price describes Dr. Harper's range of knowledge as more limited and claims that his trial testimony will add nothing to the issue at hand. Price also points out that Dr. Harper's trial testimony would be limited to the scope of his expert declaration. We have reviewed Dr. Harper's expert declaration and although we do not discuss its contents at length because it was filed under seal, we conclude that it was not unreasonable for the district court to decline to enter judgment in this case

before hearing from Dr. Harper. While Dr. Harper's expert report covers a range of topics, it does state that certain doses of midazolam are sufficient to cause sedation and induce anesthesia. Accordingly, it was not unreasonable for the district court to conclude that Dr. Harper would testify similarly at trial.

At bottom, Rule 52(c) contemplates that a party be fully heard before judgment is entered against it. And the rule itself speaks of a motion for judgment being made during trial. *See United States v. $242,484.00*, 389 F.3d 1149, 1172 (11th Cir. 2004); *In re Fischer Island Inv., Inc.*, 778 F.3d 1172 (11th Cir. 2015). Here, trial has not yet begun. Notwithstanding this fact, Rule 52(c) makes clear that the district court retains discretion to wait to render a judgment until all relevant evidence is heard. *See* Rule 52(c), Fed. R. Civ. P. ("The court may, however, decline to render any judgment until the close of the evidence."). Here, based on the circumstances, we find that it was the district court's prerogative to deny the Rule 52(c) motion as premature. We find no abuse of discretion in the way the district court handled the Rule 52(c) motion.

## IV.

For the foregoing reasons, we affirm the district court's denial of Price's motion for entry of final judgment in his favor, or in the alternative, for a stay of execution. We also deny Price's emergency motion to stay his execution, as it is

precluded by the Supreme Court's April 12, 2019, decision.  *See Dunn v. Price*, 139 S. Ct. 1312 (2019).

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 29, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-12026-P
Case Style: Christopher Lee Price v. Commissioner, Alabama Departme, et al
District Court Docket No: 1:19-cv-00057-KD-MU

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call David L. Thomas at (404) 335-6171.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: David L. Thomas
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion